**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

WARDELL NEWSOME, II,                                                                    PETITIONER
ADC #136390

v.                                              5:11-cv-00316-JMM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court<br>
Eastern District of Arkansas<br>
600 West Capitol Avenue, Suite A149<br>
Little Rock, AR 72201-3325

## DISPOSITION

### I.      BACKGROUND

Petitioner, Wardell Newsome, II, was convicted of first degree murder in the Fourth Division, Pulaski County, Arkansas, Circuit Court. (Doc. No. 1 at 1.) He was sentenced on June 13, 2006, to 420 months imprisonment in the Arkansas Department of Correction. *Id*. His conviction was affirmed by the Arkansas Court of Appeals on June 13, 2007. *Houston v. State*, 2007 Ark. App. WL 1697318. Newsome, claiming ineffective assistance of counsel at trial, filed a timely petition seeking post-conviction relief under Arkansas Rules of Criminal Procedure 37. (Doc. No. 8-4.) The Pulaski County Circuit Court denied relief. (Doc. No. 8-5.) Newsome then appealed that decision to the Arkansas Supreme Court, which affirmed the denial on November 3, 2011. *Newsome v. State*, 2011 Ark. 465 (2011). Petitioner has exhausted all available state remedies.

In his present Petition for Writ of Habeas Corpus (Doc. No. 1), Newsome alleges ineffective assistance of counsel based on his counsel's failure to retain and call a firearms expert to testify on his behalf, and failure to call Anthony Salley as a witness. These are the same allegations raised in Mr. Newsome's Rule 37 petition before the Pulaski County Circuit Court.

## II.     DISCUSSION

Federal courts will "undertake only a limited and deferential review" of a state court's decision on the merits of an inmate's ineffective-assistance-of-counsel claims.  *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011).  Specifically, federal habeas relief will not be granted unless the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007).

For purposes of 28 U.S.C. § 2254(d)(1), "[a] state court decision is 'contrary to' clearly established federal law if it either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts.'"  *Worthingto*n, 631 F.3d at 495.  Additionally, "[a] state court 'unreasonably applies' Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'"  *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

## III.     ANALYSIS

After careful review of the record, the Court concludes that the Arkansas Supreme Court did not unreasonably apply the *Strickland* standard to the facts of Mr. Newsome's case.  As the United States Supreme Court has noted, there is a distinction between the reasonableness of the underlying state court's application of federal law and the concept of reasonableness associated with the *Strickland* standard.  *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 785 (2011).  Specifically, in cases where a federal habeas court reviews ineffective-assistance-of-counsel claims under 28 U.S.C. § 2254(d)(1), the "pivotal question is whether the state court's application of the *Strickland* standard

was unreasonable," which is "different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Id.* This distinction alludes to the fact that "deference and latitude" attend the state court's decision when it is under review by a federal habeas court, i.e., the universe of scenarios where the state court's application was compliant with 28 U.S.C. § 2254(d)(1) is broader than that which exists when determining whether the state court correctly applied the *Strickland* standard. *See id.* at 786; *cf. id.* at 788 ("The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is doubly so."). Ultimately, then, this Court must "determine what arguments or theories supported or . . . could have supported, the [Arkansas Supreme Court's] decision; and whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the United States Supreme Court]." *Id.* ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Mr. Newsome has two claims of ineffective assistance of counsel. He first claims his attorney unreasonably failed to retain and call a firearms expert. (Doc. No. 1 at 2.) Mr. Newsome argues that testing could have provided exculpatory evidence at his trial that would link Cory Bealer to the murder of Melvin Lunnie. (*Id.* at 3.) Next, he claims his attorney was ineffective when she failed to call Anthony Salley as a witness on his behalf. (*Id.* at 7.)

The Pulaski County Circuit Court addressed Mr. Newsome's first argument and concluded his trial attorney did not order testing as part of a reasonable trial strategy. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In this case, Mr. Newsome's attorney

4

did not want to risk the negative effects of a test result that was not in their favor.  If the testing ruled

out Beale as the shooter, Mr. Newsome's attorney would not be able to continue her defense strategy

of third-party guilt.  The third party guilt strategy is a reasonable defense strategy given the facts of

the case, and foregoing the ballistics test was a reasonable choice to further that strategy.  Ultimately,

Mr. Newsome agreed with his attorney's strategy and her choice not to have the gun tested.  For

these reasons, the Court concludes Mr. Newsome's argument is without merit.

As to his second claim, the Pulaski County Circuit Court determined that Mr. Newsome was

not prejudiced by his attorney's failure to call Anthony Salley as a witness.   The state courts found

Mr. Salley's testimony during the Rule 37 hearing to be "incredible" because his eye witness account

of the murder did not match the forensic evidence in the trial record.   (Doc. No. 8-5 at 4.)

Specifically, Mr. Salley testified that Mr. Bealer shot Mr. Lunnie in the chest and head while

standing over Mr. Lunnie's body, while the medical examiner's records show that Mr. Lunnie was

shot in the back from behind. (*Id.*)

For Petitioner to prevail on this point, he must show he was prejudiced by his attorney failing

to call a particular witness.  In *McCauley-Bey*, the United States Court of Appeals for the Eighth

Circuit stated:

> Prejudice exists if there is a reasonable probability that the outcome would be
> different than that at the actual trial. In conducting this analysis, we are mindful of:
> (1) the credibility of all witnesses, including the likely impeachment of the uncalled
> defense witnesses; (2) the interplay of the uncalled witnesses with the actual defense
> witnesses called; and (3) the strength of the evidence actually presented by the
> prosecution.

*McCauley-Bey v. Delo*, 97 F.3d 1104, 1106 (1996).

In this case, the state courts were correct in determining that Mr. Newsome suffered no

prejudice due to his counsel's failure to call Mr. Salley at trial.  His testimony would have easily

been impeached by the medical evidence showing Mr. Lunnie was shot in the back and not in the head and chest.  Looking at the evidence as a whole, this Court cannot conclude there is a reasonable probability the outcome would have been different had Mr. Salley testified.  Therefore the ineffective assistance of counsel claims fail.

Mr Newsome's ineffective assistance of counsel claims were appropriately dismissed in his Rule 37 hearing and on appeal to the Arkansas Supreme Court.  Therefore, his federal claims should also be dismissed.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Mr. Newsome's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice, and the requested relief be DENIED.

DATED this <u>2nd</u> day of October, 2012.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE